a

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| MADIAGNE SARR #A241-267-859,<br>Petitioner | CIVIL DOCKET NO. 1:26-CV-00247<br>SEC P |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| DEPT OF HOMELAND SECURITY<br>ET AL,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

---

### MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Madiagne Sarr ("Sarr"), an immigration detainee at River Correctional Center in Ferriday, Louisiana.  Sarr alleges that she has been detained for 29 months awaiting a ruling on her immigration appeal, which has been pending since March 27, 2024.  She seeks release from detention.

A court may order a respondent to file an answer, motion, or other response, in its discretion.  *See generally* 28 U.S.C. § 2243; Rule 4 of the Rules Governing § 2254 Cases; *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008); *Maniar v. Warden Pine Prairie Corr. Ctr.*, 6:18-CV-00544, 2018 WL 4869383, at *1 (W.D. La. 2018) (Hanna, M.J.)[1].  And this Court has determined that a 21 day briefing schedule with seven days to reply is reasonable and appropriate in cases like Sarr's.

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases.  *See Hickey v. Adler*, 2008 WL  835764, *2 (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F. Supp. 348 (S.D.W. Va. 1997); *see also Taylor*

Accordingly, to determine whether Sarr is entitled to relief, THE CLERK IS DIRECTED to serve a summons, a copy of the Petition (ECF No. 1), and a copy of this Order, by certified mail, on: (1) the United States through the United States Attorney for the Western District of Louisiana; (2) the United States Attorney General; (3) DHS/ICE through its Office of General Counsel; and (4) the Warden where Sarr is detained.

IT IS ORDERED that a Response be filed within **21 days** following the date of service, with summary judgment evidence regarding the status of her appeal.

IT IS FURTHER ORDERED that Petitioner shall have seven days following the filing of Respondents' answer to produce contradictory summary judgment evidence on the issue of the lawfulness of his detention.

After the record is complete and delays have run, the Court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

SIGNED on Thursday, March 12, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

---

*v. Gusman*, 20-CV-449, 2020 WL 1848073, at *1 (E.D. La. Apr. 13, 2020) ("District courts are therefore free to apply these rules to habeas petitions brought under 28 U.S.C. § 2241").